IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHARLES STREET, #55684                                                                       PLAINTIFF

VERSUS                                                          CIVIL ACTION NO. 2:09cv86-KS-MTP

CAPTAIN BRENDA SIMMS, et al.                                                              DEFENDANTS

O R D E R

This cause is before this Court on the plaintiff's letter [11] which is also construed as his response to the order to show cause [10] entered on September 25, 2009. The plaintiff includes in his response [11] a request that the undersigned recuse himself. This court finds that the plaintiff previously filed a motion of recusal [4] for the undersigned in the instant civil action which was denied by an order [5] entered on June 2, 2009. Having carefully considered the instant motion [11] and the applicable law, the Court finds that there has been no change to warrant such a request of recusal.

As stated in the order [5] entered on June 2, 2009, 28 U.S.C. § 455 (a) requires a judge to stand recused "in any proceeding in which his impartiality might reasonably be questioned." As the goal of § 455(a) "is to exact the appearance of impartiality," recusal may be mandated even though no actual partiality exists. Hall v. Small Business Admin., 695 F.2d 175, 178 (5th Cir. 1983). The standard for recusal is an objective one. If a "reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality," then recusal is warranted. Health Services Acquisition Corp. v. Liljeberg, 796 F.2d 796, 800 (5th Cir. 1986).

The plaintiff contends that the undersigned should recuse himself because "Dr. Ronald Woodall, one of the attending physicians at S.M.C.I., has stated to plaintiff and others that he and Keith Starrett are close personal friends."[1] The plaintiff goes on to state that the undersigned has denied all of his

---

[1] The undersigned notes that Dr. Woodall is not a named defendant in this civil action.

motions "without just cause." Finally, the plaintiff states that Dr. Woodall informed him that the undersigned does not like a certain ethnic group.

Having considered the plaintiff's grounds for recusal, this court finds the reasons for the plaintiff's request are patently untrue and therefore, do not provide sufficient grounds to warrant recusal. Therefore, the Court finds that the plaintiff's request that the undersign recuse himself contained in the letter/response [11] filed October 9, 2009, is not well-taken, and is hereby DENIED.

SO ORDERED, this the  29th  day of October, 2009.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE